UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO SIERRA,<br><br>    Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>    Respondent. | Case No. 23-cv-00691-KAW  (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING MOTION TO PROCEED<br>IN FORMA PAUPERIS; DENYING<br>MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 2, 6 |

Petitioner, a California state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction in the Sonoma County Superior Court. Dkt. No. 1.  Petitioner's motion to proceed *in forma pauperis* is granted.  Dkt. No. 6.  Petitioner's motion to appoint counsel is denied.  Dkt. No. 2.

**DISCUSSION**

**I. Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id*. § 2243.

**II. Petitioner's Claims**

Petitioner sets forth three grounds for federal habeas relief: (1) insufficient evidence to support the jury's finding of kidnapping special circumstance; (2) prosecutorial misconduct during

1    closing argument; and (3) a violation of the right to confrontation on cross-examination.  *See* Dkt.

2    No. 1 at 5-8.  Liberally construed, these claims are cognizable under § 2254, and merit an answer

3    from Respondent.

4    **III.      Motion to Appoint Counsel**

5          Petitioner has filed a motion seeking the appointment of counsel. Dkt. No. 2.  The Sixth

6    Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791

7    F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to

8    appoint counsel to represent a habeas petitioner whenever "the court determines that the interests

9    of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the

10   discretion of the district court.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  The courts

11   have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital

12   cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual

13   questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases

14   likely to require the assistance of experts either in framing or in trying the claims; (5) cases in

15   which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.

16   *See generall*y 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at

17   383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case

18   indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801

19   F.2d at 1196.

20         The interests of justice do not warrant the appointment of counsel at this time because the

21   issues do not appear complex, and the claims have been adequately presented.  The court therefore

22   exercises its discretion and denies Petitioner's request for appointment of counsel.  If the court

23   determines on its own that appointment of counsel is warranted after reviewing the case further, it

24   will appoint counsel.

**CONCLUSION**

26   For the foregoing reasons, the Court orders as follows:

27   1.      Petitioner's motion to proceed *in forma pauperis* is granted.  Dkt. No. 6.

28   2.      Petitioner's motion to appoint counsel is denied.  Dkt. No. 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    3.    The Clerk shall serve electronically: (1) a copy of this order and (2) a notice of

2    assignment of a prisoner case to a United States magistrate judge and accompanying magistrate

3    judge jurisdiction consent or declination to consent form (requesting that respondent consent or

4    decline to consent within 28 days of receipt of service), upon the respondent and the respondent's

5    attorney, the Attorney General of the State of California, at the following email

6    addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The Petition and the

7    exhibits thereto are available via the Electronic Case Filing System for the Northern District of

8    California.  The Clerk also shall serve by mail a copy of this order on Petitioner.

9    4.    No later than sixty days from the date of this Order, the respondent shall file with

10   this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules

11   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

12   The respondent shall file with the Answer all portions of the state record that have been

13   transcribed previously and are relevant to a determination of the issues presented by the petition.

14   If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court

15   and serving it on the respondent within thirty days of his receipt of the Answer.  If he does not do

16   so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

17   5.    No later than sixty days from the date of this Order, the respondent may file with

18   this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an

19   Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

20   2254 Cases.  If the respondent files such a motion, Petitioner shall file with the Court and serve on

21   the respondent an opposition or statement of non-opposition to the motion within thirty days of

22   receipt of the motion, and the respondent shall file with the Court and serve on Petitioner a reply

23   within fourteen days of receipt of an opposition.

24   6.    It is Petitioner's responsibility to prosecute this case.  He must keep the Court

25   informed of any change of address by filing a separate paper with the Clerk headed "Notice of

26   Change of Address," and must comply with the Court's orders in a timely fashion.  He also must

27   serve on the respondent's counsel all communications with the Court by mailing a true copy of the

28   document to the respondent's counsel.

1   7.   Extensions of time are not favored, though reasonable extensions will be granted.

2 Any motion for an extension of time must be filed no later than three days prior to the deadline

3 sought to be extended.

4   IT IS SO ORDERED.

5 Dated: September 27, 2023

6                     _____
                      KANDIS A. WESTMORE

7                      United States Magistrate Judge

United States District Court
Northern District of California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4